**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| DANA LYDELL SMITH, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF IDAHO et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE** <br><br> Case No. 2:08-CV-445 TC <br><br> District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

Plaintiff, Dana Lydell Smith, an inmate at the Idaho Correctional Center in Boise, Idaho, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2009). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the

plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). The requirement of plausibility serves "not only to weed out claims that do not (in the absence

of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Id.* at 1248. And, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## II. Sufficiency of Plaintiff's Complaint

Plaintiff's Complaint alleges numerous causes of action stemming from Plaintiff's criminal conviction in the Idaho state courts. The Complaint consists of over thirty single-spaced, handwritten pages of convoluted factual allegations, legal citations and lengthy quotations from various legal publications. Court records show that Plaintiff filed an identical complaint in the United States District Court for the District of Idaho just several weeks prior to filing this case. *See Smith v. State of Idaho*, CV-08-219-S-BLW (D. Idaho May 19, 2008). In fact, Plaintiff states in the Complaint itself that he intended to file the identical document in the "State of Idaho, State of Utah, County of Minidoka, County of Weber, County of Ada, City of Salt Lake, City of West Valley, [and] City of Ogden." (Compl. at 7.)

In an order dated June 6, 2008, Judge B. Lynn Winmill in the District of Idaho dismissed Plaintiff's suit under 28 U.S.C. § 1915 after finding that Plaintiff's claims were barred under the *Heck* doctrine. See *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). That court also found that Plaintiff's claims were barred under the State of Idaho's two-year statute of limitation because the underlying events allegedly occurred in or before 2005.

Reviewing Plaintiff's Complaint the Court agrees with the District of Idaho that Plaintiff's claims are barred under *Heck*. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), the Supreme Court held that "habeas corpus is the *exclusive* remedy for a state prisoner who challenges the fact of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 480-82 (emphasis added). *Heck* states that claims for damages or release from confinement based on unconstitutional imprisonment are not cognizable under § 1983 unless the plaintiff can show that his conviction or sentence has already been invalidated. *Id.* at 487. Thus, before filing a civil rights suit that could undermine the validity of his conviction an inmate must "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

Although the disorganization and verbosity of the Complaint make it difficult to ascertain the specific grounds for each of Plaintiff's claims, it is apparent that the relief Plaintiff seeks cannot be granted without undermining the validity of Plaintiff's conviction, sentence, or confinement, as prohibited under *Heck*. Plaintiff's Complaint obviously seeks a determination that various aspects of his criminal prosecution, conviction and state appeals process were unconstitutional. Because Plaintiff's claims are inextricably linked to the validity of his conviction and confinement, based on *Heck*, they are not cognizable under § 1983 absent a showing that Plaintiff's conviction or confinement have previously been invalidated through proper channels. Plaintiff has not made such a showing. Thus, the Court concludes that Plaintiff's claims are barred under *Heck* and Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.

In addition, even if Plaintiff could show that some of his claims are not barred under *Heck*, from the face of the Complaint it appears that venue is not proper in the District of Utah. The Tenth Circuit has held that *sua sponte* dismissal for improper

venue is appropriate when the defense is obvious from the face of the complaint.  See *Truijillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  Although the Complaint names as defendants the State of Utah, Salt Lake and Weber counties, and two officers with the West Valley City Police Department, it does not include specific allegations regarding any of these defendants.  Instead, the Complaint deals almost exclusively with criminal proceedings which occurred in the Idaho state courts.  Moreover, both Plaintiff and the majority of Defendants named in the suit are located in Idaho.  Thus, the Court finds that even if Plaintiff could amend his Complaint to comply with *Heck* this case is subject to dismissal for improper venue.

### III. Motion for Injunctive Relief

Plaintiff has filed a motion for injunctive relief "for the continued deprivation of rights and the protection under [] Equal Protection Clause of the Constitution."  (Mot. Inj. Relief at 1.) Plaintiff seeks a court order requiring the Idaho Correctional Center to allow him to contact the public corruptions section of the Federal Bureau of Investigation.  Plaintiff states that he has had two previous lawsuits dismissed because prison officials have refused to facilitate such contact.

To obtain a preliminary injunction or temporary restraining order in federal court, the movant has the burden of establishing

that: (1) the party will suffer irreparable injury unless the motion is granted; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. *Kiowa Indian Tribe of Oklahoma v. Hoover*, 150 F.3d 1163, 1171 (10th Cir. 1998).

   Plaintiff has not met the heavy burden required to obtain injunctive relief here.  As an initial matter, Plaintiff has not shown that he will suffer irreparable injury unless an injunction issues.  Not only is it unclear why Plaintiff wishes to contact the FBI, it also appears highly unlikely that doing so will prevent any irreparable injury to Plaintiff.  More importantly, based on the Court's conclusion that Plaintiff's Complaint fails to state a claim on which relief can be granted, Plaintiff cannot show that he has a substantial likelihood of prevailing on the merits of his claims.  Finally, as previously noted, this Court is not the appropriate venue in which to seek injunctive relief against the Idaho Correctional Center.  Thus, Plaintiff's motion for injunctive relief is denied.

**ORDER**

Based on the forgoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is **DISMISSED** for failure to state a claim on which relief can be granted;

(2) Plaintiff's motion for injunctive relief is **DENIED**; and,

(3) this case is **DISMISSED** for improper venue.

DATED this 1st day of July, 2009.

BY THE COURT:

_____
TENA CAMPBELL, Chief Judge
United States District Court